THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina Department of Social Services, Respondent,
 v.
 Faith M., Appellant,
 Jerry W., Roger H., Mitchell B., David C., John Doe, Richard Roe, Charles Coe, Defendants,
 Lisa C., Garrison C., and Patricia W., Respondents.
 
 In the interests of R.A.M., J.M.M.,
 C.D.M., and J.I.M., all minors under the age of eighteen.
 
 

Appeal From Anderson County
 Timothy M. Cain, Family Court Judge

Unpublished Opinion No. 2010-UP-227
 Submitted March 1, 2010  Filed April 1,
2010    

AFFIRMED

 
 
 
 George L. Sands, of Anderson, for Appellant.
 Dottie C. Ingram and William E. Phillips, both of Anderson; and Thomas
 E. Hite, Jr., of Abbeville, for Respondents.
 Caroline Elizabeth Waldrep, of Anderson, Guardian Ad Litem.
 
 
 

PER CURIAM:  Faith
 M. (Mother) appeals from the family court's order terminating her parental
 rights (TPR) to her minor children, R.A.M., J.M.M., C.D.M., and J.I.M. (collectively
 the Children).  Mother argues the family court erred in finding DSS established,
 by clear and convincing evidence, that:  (1)
 Mother failed to remedy the conditions causing removal; (2) the home could not be
 made safe within twelve months because of the severity and repetition of abuse;
 (3) R.A.M., J.M.M., and
 C.D.M. had been in foster care for
 fifteen of the most recent twenty-two months; and (4) TPR was in the Children's
 best interests.
1. We affirm the family
 court's finding DSS established by clear and convincing evidence Mother failed to remedy the conditions leading to the
 Children's removal.  See S.C. Code Ann. § 63-7-2570 (2008) (stating the
 family court may order TPR upon finding a statutory ground is established and
 also finding TPR is in the best interest of the children); § 63-7-2570(2)
 (2008) (explaining a statutory ground for TPR is established when "[t]he
 child has been removed from the parent . . . , has been out of the home for a
 period of six months following the adoption of a placement plan . . . and the
 parent has not remedied the conditions which caused the removal").  
2. We affirm the family
 court's finding DSS established by clear and convincing evidence the home could not be made safe within twelve months
 because of the severity and repetition of abuse.  See S.C. Code Ann. §
 63-7-2570 (2008) (stating the family court may order TPR upon finding a
 statutory ground is established and also finding TPR is in the best interest of
 the children); § 63-7-2570(1) (2008) (explaining a statutory ground for TPR is
 established when "[t]he child or another child in the home has been harmed
 as defined in section 63‑7‑20, and because of the severity or
 repetition of the abuse or neglect, it is not reasonably likely that the home
 can be made safe within twelve months.  In determining the likelihood that the
 home can be made safe, the parent's previous abuse or neglect of the child or
 another child in the home may be considered."). 
3. We affirm the family court's finding DSS established by
 clear and convincing evidence R.A.M., J.M.M., and C.D.M. had been in foster care for fifteen of the most recent
 twenty-two months.  See S.C. Code Ann. § 63-7-2570 (2008) (stating the
 family court may order TPR upon finding a statutory ground is established and
 also finding TPR is in the best interest of the children); § 63-7-2570(8)
 (2008) (explaining a statutory ground for TPR is established when a child
 "has been in foster care under the responsibility of the State for fifteen
 of the most recent twenty-two months").
4. Despite Mother's
 arguments to the contrary, we find DSS
 proved by clear and convincing evidence that termination of Mother's parental
 rights was in the best interests of the Children.  See S.C. Code Ann. §
 63-7-2620 (2008) (explaining when the child's interests and the parental rights
 conflict, the child's interests shall prevail); Charleston County Dep't of
 Soc. Servs. v. King, 369 S.C. 96, 105, 631 S.E.2d 239, 244 (2006) ("When
 reviewing the family court decision, appellate courts may make their own
 conclusions of whether DSS proved by clear and convincing evidence that
 parental rights should be terminated."); Charleston County Dep't of Soc. Servs. v. Jackson, 368
 S.C. 87, 95, 627 S.E.2d 765, 770 (Ct. App. 2006) (stating despite the appellate
 court's broad scope of review, it should not necessarily disregard the findings
 of the family court, which was in a better position to evaluate the credibility
 of the witnesses and to assign weight to their testimony); S.C. Dep't of
 Soc. Servs. v. Smith, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App.
 2000) (declaring the best interests of the children are the paramount
 consideration in a TPR case).

AFFIRMED.[1]
SHORT, WILLIAMS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.